

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS
XJ**************
ATTORNEY GENERAL.

AUSTIN 11, TEXAS

Mr. W. R. Banks, Principal
Prairie View University
Prairie View, Texas

Attention: Mr. T. R. Solomon

Dear Sir:

Opinion No. O-7316
Re: Exemption from tuition
fee of World War II
Veterans attending State
supported institutions of
higher learning, related
question.

We acknowledge your letter dated July 18, 1946, wherein you request an opinion of this department on the following quoted questions:

"(1) May an honorably discharged veteran of World War II, with less than ninety days service (the time necessary to participate in the educational provisions of the G. I. Bill, Public Law 346) be allowed under any existing state law to attend a state supported institution of higher learning without paying tuition?

"(2) May a veteran of World War II, honorably discharged, eligible to secure training under the G. I. Bill, Public Law 346, but desires to save his eligibility for some future time at a professional or graduate school, be exempt from tuition in a state supported institution of higher learning under any existing state law? In this case the veteran does not want the institution to bill the Veterans Administration for tuition in his behalf. He desires to save this for future use at some other institution where the tuition is higher, his expenses greater, and his studies spread over a long period of time."

Acts 1933, 43rd Legislature, First Called Session, page 10, Chapter 6, concerning the exemption of war veterans from payment of tuition fees in State supported educational institutions of higher learning, recorded as Article 2654b-1 in V.A.C.S., as amended by Acts 1943, 48th Legislature, page 568, Chapter 337, adding Section 3 and as amended by Acts 1945, 49th Legislature, page 552, Chapter 338, adding Section 4, reads in part as follows:

"Sec. 1. The governing boards of the several institutions of collegiate rank, supported in whole or in part by public funds appropriated from the State Treasury, are hereby authorized and directed to except and exempt all citizens of Texas, who have resided in Texas for a period of not less than twelve (12) months prior to the date of registration, and who served during the Spanish-American and/or during the World War as nurses or in the armed forces of the United States during the World War, and who are honorably discharged therefrom, from the payment of all dues, fees and charges whatsoever, including fees for correspondence courses; provided, however, that the foregoing exemption shall not be construed to apply to deposits, such as library, or laboratory deposits, which may be required in the nature of a security for the return of or proper care of property loaned for the use of students, nor to any fees or charges for lodging, board or clothing. The governing boards of said institutions may and it shall be their duty to require every applicant claiming the benefit of the above exemption to submit satisfactory evidence that the applicant is a citizen of Texas and is otherwise entitled to said exemption. . . ."

"Sec. 3. All of the above and foregoing provisions, conditions and benefits hereinabove in this Article provided for in Section 1 and in Section 2 shall apply and accrue to the

benefit of all nurses, members of the Women's Army Auxiliary Corps, Women's Auxiliary Volunteer Emergency Service, and all members of the United States armed forces, regardless of whether members of the United States Army or of the United States Navy or the United States Coast Guard, who have, or are now serving, or who may after the passage of this Act, serve in the armed forces of the United States of America during the present World War Number II, being the war now being prosecuted, and which was entered into on or shortly after December 7, 1941, by the United States of America against what are commonly known as the Axis Powers; provided, further, that all the above and foregoing persons named have been honorably discharged from the services in which they were engaged. And, provided further, that the benefits and provisions of this Act shall also apply and inure to the benefit of the children of members of the United States Armed Forces, where such members were killed in action or died while in the service. The provisions of this Act shall not apply to or include any member of such United States Armed Forces, or other persons hereinabove named, who were discharged from the service in which they were engaged because of being over the age of thirty-eight (38) years or because of a personal request on the part of such person to be discharged from such service. . ."

"Sec. 4. The exemption from the payment of dues, fees, and charges as provided hereinabove in Section 1 and Section 3 of this Article shall not apply to or include honorably discharged members of such United States Armed Forces, or other persons hereinabove named, who are eligible for education or training benefits provided by the United States Government under Public Law No. 16, 78th Congress, or amendments thereto, or under Public Law No. 346, 78th Congress, or amendments thereto,

or under any other Federal legislation that
may be in force at the time of registration
in the college concerned of such ex-service
man or woman. . . ."

Acts 1927, 40th Legislature, page 351, Chapter
237, Section 3, recorded as Article 2654a in V.A.C.S.,
reads in part as follows:

"Section 3. The word 'State educational
institution' as used in this Act includes
the following and any branch thereof: The
University of Texas; The Agricultural and
Mechanical College of Texas; . . . The
Prairie View State Normal and Industrial
College. . . ."

The name of Prairie View State Normal and Industrial Col-
lege for colored teachers at Prairie View, was changed to
Prairie View University by Acts 1945, 49th Legislature,
page 506, Chapter 308; Article 2643a, Section 1, V.A.C.S.

Public Law No. 16, 78th Congress, as amended
and recorded in 38 U.S.C.A., Chapter 12, Part VII--
Vocational Rehabilitation--provides in part as follows:

"Any person who served in the active
military or naval service at any time on or
after September 16, 1940, and prior to the
termination of the present war, who is honor-
ably discharged therefrom, and who has a dis-
ability incurred in or aggravated by such ser-
vice for which pension is payable under laws
administered by the Veterans Administration,
or would be but for receipt of retirement
pay, and is in need of vocational rehabilita-
tion to overcome the handicap of such dis-
ability, shall be entitled to such vocational
rehabilitation as may be prescribed by the
Administrator of Veteran's Affairs to fit him
for employment consistent with the degree of
disablement: Provided, that no course of
training in excess of a period of four years

shall be approved nor shall any training
under this part be afforded beyond six years
after the termination of the present war. . . ."

Public Law No. 346, 78th Congress, as amended
and recorded in 38 U.S.C.A., Chapter 12, Part VIII--Educa-
tion of Veterans--provides in part as follows:

"Any person who served in the active
military or naval service on or after Septem-
ber 16, 1940, and prior to the termination of
the present war, and who shall have been dis-
charged or released therefrom under conditions
other than dishonorable, and whose education
or training was impeded, delayed, interrupted,
or interfered with by reason of his entrance
into the service, or who desires a refresher
or retraining course, and who either shall
have served ninety days or more, exclusive of
any period he was assigned for a course of
education or training under the Army specialized
training program or the Navy college training
program, which course was a continuation of
his civilian course and was pursued to comple-
tion, or as a cadet or midshipman at one of
the service academies, or shall have been
discharged or released from active service by
reason of an actual service-incurred injury
or disability, shall be eligible for and
entitled to receive education or training
under this part; . . ." (Emphasis added)

By express provisions of Public Law No. 346, as
amended, only those veterans of World War II "who shall
have served ninety days or more, exclusive of any period
he was assigned for a course of education or training under
the Army Specialized Training Program or the Navy College
Training Program, which course was a continuation of his
civilian course and was pursued to completion, or as a
cadet or midshipman at one of the service academies, or
shall have been discharged or released from active ser-
vice by reason of actual service-incurred injury or dis-
ability, shall be eligible for and entitled to receive
education or training under this part". By virtue of the

terms of this Federal Act only those veterans of World War II who have served at least ninety days or who were discharged before having served ninety days by reason of actual service-incurred injury or disability are entitled to the educational benefits provided therein.

State legislation hereinabove quoted which confers educational benefits on veterans of World War II makes no requirement as to term of service the veterans must have served in the armed forces before he shall be entitled to the benefits conferred upon him therein. Article 2654b-1 as amended, states in substance that the benefits provided therein shall apply and accrue to all members of the United States Armed Forces provided that said persons have been honorably discharged from the service and were not discharged because of being over the age of 38 years or because of a personal request on the part of such person to be discharged from such service.

Our answer, therefore, to your first question is that honorably discharged veterans of World War II, with less than ninety days service, the time necessary to participate in the educational benefits of Public Law No. 346, may under provisions of Article 2654b-1, as amended, attend a State supported institution of higher learning without payment of tuition provided he was not discharged from the service because of being over the age of 38 years or because of a personal request on the part of such person to be discharged from such service, other qualifications of the statute having been met.

By express provisions of Section 4 of Article 2654b-1, V.A.C.S., above quoted, the provided exemption from payment of tuition fee "shall not apply to or include honorably discharged members of such United States Armed Forces . . . who are eligible for education or training benefits provided by the United States Government under Public Law No. 16, 78th Congress, or amendments thereto, or under Public Law No. 346, 78th Congress, or amendments thereto, or any other Federal legislation that may be enforced at the time of registration in the college concerned of such ex-service man or woman".

Our answer, therefore, to your second question is that a veteran of World War II, honorably discharged, eligible to secure training under Public Law No. 346, 78th Congress, as amended, is not entitled to the benefits

conferred on veteran's of World War II under the State
statute, Article 2654b-1, V.A.C.S., as amended, and is
not exempt from payment of tuition in a state supported
institution of higher learning under any existing State
law.

Trusting the above satisfactorily answers your
inquiries, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Chester E. Ollison

APPROVED AUG 9, 1946

/s/ Carlos Ashley

Chester E. Ollison
Assistant

FIRST ASSISTANT
ATTORNEY GENERAL

CEO-bw:am

APPROVED
OPINION
COMMITTEE

By /s/ B.W.B.
Chairman